[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
On April 22, 1993 the jury returned a verdict stating that the plaintiff was 50 percent negligent and awarded her zero damages. The plaintiff filed a motion to set aside the verdict.
In Malmberg v. Lopez, 208 Conn. 675 (1988), the jury found liability but awarded zero damages to the plaintiff in a wrongful death action. The trial court refused to set aside the verdict. The Appellate Court remanded the matter for a hearing on damages before a jury.
The Supreme Court reversed the Appellate Court. Its reasoning was that the "jury intent in finding the issues for the plaintiff, but awarding zero damages, is known only to the jurors, and this Court's endorsement of one plausible explanation of the verdict over another would amount merely to speculation. Id. at 683. Such ambiguity requires a rehearing in full, on both liability and damages." CT Page 9060
In Ginsburg v. Fusaro, 225 Conn. 420, 430, the court said that Malmberg held that "`[a]n explicitly stated award of zero damages differs from an award of nominal damages.'" The court stated further that "a plaintiff's verdict with a nominal damage award ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove damages . . . the jury's intent in rendering a plaintiff's verdict is far less clear." Id. at 430.
Determining the jury's intent would cause this court to engage in speculation. Accordingly, the plaintiff's motion to set aside the verdict is granted and a new trial ordered.
Leheney, J.